*maintained by a city, county, state or other governmental body,* and includes but is not limited to, a ... sidewalk." *Id.* § 16.08.010(3) (2001) (emphasis added). Thus, under the amended ordinance, the County expressly no longer requires permits for newsracks on sidewalks owned or maintained by private entities. Soranno's claim against the County to issue him permits is therefore moot. *See Smith v. Univ. of Wash., Law Sch.,* 233 F.3d 1188, 1195 (9th Cir.2000).

Because the County's amendment to the ordinance in November 2001 mooted Soranno's claim for relief, we vacate the judgment below and order the district court to dismiss Soranno's complaint. *See Sample v. Johnson,* 771 F.2d 1335, 1338, 1343 (9th Cir.1985).

We express no opinion on the merits of any claims Soranno may have against the County or private landowners in the event that a landowner or the County bars Soranno from placing newsracks on, or removes such newsracks from, privately-owned sidewalks.

VACATED AND REMANDED.

■

**Gerald Ross PIZZUTO, Jr.,**
**Petitioner–Appellant,**

v.

**A.J. ARAVE, Warden, Respondent–**
**Appellee.**

No. 97–99017.

United States Court of Appeals,
Ninth Circuit.

Oct. 3, 2003.

Joan M. Fisher, Esq., Bruce D. Livingston, Esq., Federal Public Defender, Moscow, ID, Robert H. Gombiner, Esq., Federal Public Defender, Seattle, WA, for Petitioner–Appellant.

Michael A. Henderson, AAG, Michaelina Murphy, dag, Boise, ID, Kenneth Robins, L. LaMont Anderson, Esq., for Respondent–Appellee.

Before: B. FLETCHER, RYMER, and GOULD, Circuit Judges.

### ORDER

Pizzuto seeks clarification of the time for filing a petition for rehearing in light of the fact that this court has rendered its decision in *Summerlin v. Stewart,* 341 F.3d 1082(9th Cir.2003) (en banc). The time for filing a petition for rehearing and/or petition for rehearing en banc is stayed until final disposition of *Summerlin* by the United States Supreme Court. Pizzuto shall have 30 days from that date in which to seek rehearing in this court. Meanwhile, the opinion filed February 6, 2002 in this case may not be cited for precedential effect.

■

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John DOE,[1] a juvenile, Defendant–**
**Appellant.**

No. 02–10170.

United States Court of Appeals,
Ninth Circuit.

Oct. 3, 2003.

Richard E. Gordon, Esq., Lauren Ann Anaya, Russell E. Marsh, AUSA, Tucson, AZ, for Plaintiff–Appellee.

1. This pseudonym is adopted for purposes of the published order.

Rubin Salter, Jr., Esq., Law Office of Rubin Salter Jr., Tucson, AZ, for Defendant–Appellant.

Before SCHROEDER, Chief Judge.

## ORDER

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Timothy Wayne ARNETT,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Timothy Wayne Arnett, Defendant–
Appellant.

Nos. 00–10170, 00–30189.

United States Court of Appeals,
Ninth Circuit.

Oct. 3, 2003.

Dawrence W. Rice, Jr., Esq., USSC–Office of the U.S. Attorney, Sacramento, CA, Frank R. Papagni, Jr., Esq., USEU–Office of the U.S. Attorney, Eugene, OR, for Plaintiff–Appellee.

Timothy Wayne Arnett, Reg# 60465–065, pro se, Lompoc, CA, for Defendant–Appellant.

Before SCHROEDER, Chief Judge.

## ORDER

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to this court or any district court of the Ninth Circuit, except to the extent adopted by the en banc court.

BRAND X INTERNET SERVICES,
Petitioner,

v.

FEDERAL COMMUNICATIONS
COMMISSION, Respondent.

Earthlink, Inc., Petitioner,

SBC Communications, Inc., Intervenor,

v.

Federal Communications Commission,
Respondent.

Verizon Telephone Companies, Verizon Internet Solutions d/b/a Verizon.Net,
Petitioner,

SBC Communications, Inc., Intervenor,

v.

Federal Communications Commission,
Respondent.

Consumer Federation of America;
Consumers Union; Center for Digital Democracy, Petitioners,

v.

Federal Communications Commission,
Respondent.